RECEIVED
FEB - 8 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **COBORIA COLLINS (#369806)** | **DOCKET NO. 12-CV-2227; SEC. P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **TIM KEITH, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Coboria Collins filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. At the time of filing, Plaintiff was an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff seeks compensatory damages for the violation of his rights secured by the Eighth Amendment by way of the Fourteenth Amendment to the United States Constitution. He also requests punitive damages. Plaintiff names as defendants Warden Tim Keith, Medical Director Pat Thomas, Dr. Engelson, DDS, and Nurse Amy Brunson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on January 26, 2012, he was examined by Dr. Engelson, DDS, and had a filling applied to one tooth. Plaintiff's tooth was sore in the following weeks. On February 10, 2012, Plaintiff states that he experienced sharp and intense pain

coming from the tooth, and he could see that the tooth was broken. The next day, February 11, 2012, Plaintiff submitted an Administrative Remedy Procedure (ARP).

On March 6, 2012, Plaintiff was called out to see Dr. Engelson, who examined the tooth and took x-rays. Plaintiff claims that the medical attention he received was not sufficient. On March 8, 2012, Plaintiff was called to the infirmary to speak with Amy Brunson. Brunson questioned Plaintiff about the ARP that he filed, and "tried to get [Plaintiff] to drop the ARP." [Doc. #1, p.6]

On March 18, 2012, Plaintiff submitted a sick-call request, and he was seen by the dentist on March 20, 2012. [Doc. #1, p.3] Dr. Engelson informed Plaintiff that he had been placed on the waiting list to be seen the next week, but Plaintiff states that he was never seen the next week.

On April 3, 2012, Plaintiff felt an increase in pain. On April 6, 2012, Plaintiff filled out an incident statement. On April 10, 2012, Plaintiff talked to Brenda Smiley, who contacted the infirmary. Smiley was told that the were aware of Plaintiff's situation and aware of the ARP, and that Plaintiff's name was on the list to be seen the next week. The next week, on April 17, 2012, Plaintiff was seen by Dr. Engelson again. [Doc. #1, p.4] Engelson informed Plaintiff that he was going to extract the cracked tooth. Plaintiff alleges that Engelson made two attempts

at pulling the tooth, using two different forms of anesthesia, but was unable to extract the tooth. [Doc. #1, p.4] Plaintiff was scheduled to go to LSU hospital for oral surgery.

On June 11, 2012, Plaintiff had the tooth surgically extracted at LSU in Shreveport. [Doc. #1, p.4] Plaintiff alleges that the doctor informed him that "the excess swelling was from infection and damage tissues caused by delay to proper medical treatment." [Doc. #1, p.9] Plaintiff alleges that he was forced to suffer severe pain from January 26, 2012 until June 11, 2012, including the following: bad breath, nausea, upset stomach (all from blood in his mouth), loss of appetite, depression, and lost sleep. [Doc. #1, p.9] Plaintiff claims that "it was with vindictive and malicious intent that the defendants intended for the plaintiff to suffer for as long as possible before deciding to seek out side medical help at LSU oral surgery clinic."

### Law and Analysis

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. However, rights guaranteed under the Eighth Amendment are violated only if the defendants act with *deliberate indifference* to a substantial risk of serious harm, which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or

a failure to act reasonably is not enough. **The defendants must have the subjective intent to cause harm.** Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Thus, in order to establish an actionable constitutional violation, a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "*'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'*" Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted) (emphasis added).

First, Plaintiff draws his own conclusion that his tooth broke due to "excessive filing" of the tooth and the "irresponsible, incompetent, and unprofessional" treatment by Dr. Engelson. [Doc. #1, p.5]  Even if that was true, it demonstrates negligence, at best, which is not a constitutional violation.  Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t

4

is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff claims that Dr. Engelson made two attempts at extracting the tooth, using two different types of anesthesia, but was ultimately unsuccessful. Again, this allegation does not show deliberate indifference. Plaintiff concludes that the reason the extraction was unsuccessful was simply that Dr. Engelson was incompetent. Plaintiff does not present allegations showing that the defendants intentionally treated him incorrectly. Moreover, with regard to the decision to send Plaintiff to LSU hospital, the Fifth Circuit has stated that "the decision whether to provide additional treatment is a classic example of a matter for medical judgment," and thus not cognizable under the Eighth Amendment. See Davis v. U.S., 358 Fed.Appx. 537 (5th Cir. 2009)(citing Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(quotation omitted)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Id.

The defendants did not ignore Plaintiff's complaints. Plaintiff was examined with regard to his complaint twice in March

5

2012 and again in April 2012, when the extraction was attempted. Plaintiff had to wait two months to have the procedure performed at LSU surgery center, but this is not an unreasonable delay. See Fenlon v. Quarterman, #07-CV-532, 2008 WL 637627 (E.D. Tex. Mar. 5, 2008) aff'd, 350 F. App'x 931 (5th Cir. 2009)[1], citing e.g., Beasley v. Natchitoches Parish Detention Center, #07-CV-0602, 2007 WL 2437067 (W.D.La., July 11, 2007); Foreman v. Potter, 382 Fed.Appx. 370 (5th Cir. 2010)(Ten month delay for surgery to broken ankle was not unreasonable).

Finally, even if Plaintiff could establish deliberate indifference, Plaintiff could not show that the delay caused him future complications. The Fifth Circuit has recognized circumstances where a delay in necessary surgery does not constitute deliberate indifference to a serious medical need if an inmate receives in the interim period continuous medical evaluation and treatment for his condition, and if there is no evidence that the delay caused future complications. See Gross v. U.S. Dept. of Justice, 2012 WL 3020089 (N.D.Tex.), citing Kirven v. Thaler, 428 Fed. App'x 342, 342-43 (5th Cir. June 9, 2011) and Foreman v. Potter, 382 Fed. App'x 370, 372 (5th Cir. June 18, 2010). In this

---

[1]"Although Fenlon complains about this two-month delay, it is not unconstitutionally unreasonable, particularly in light of the large numbers of inmates with whom the system must deal. Even in the free world there is a waiting time between a referral from a physician and a visit to a specialist, particularly in a managed care setting such as TDCJ uses."

case, Plaintiff received continued care, and the delay in surgery did not cause Plaintiff any future complications.

## *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of February, 2013.

JAMES D. KIRK
**UNITED STATES MAGISTRATE JUDGE**